IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARNELL ALSTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 24-948 |
| ) | |
| v. ) | District Judge W. Scott Hardy |
| ) | Magistrate Judge Maureen P. Kelly |
| PITTSBURGH REGIONAL TRANSIT, ) | |
| *formerly known as,* PORT AUTHORITY OF ) | Re: ECF No. 6 |
| ALLEGHENY COUNTY, ) | |
| ) | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

Pending before the Court is a Motion to Dismiss (the "Motion to Dismiss") filed by Defendant Port Authority of Allegheny County d/b/a Pittsburgh Regional Transit ("PRT"), ECF No. 6, asking the Court to dismiss with prejudice the Complaint for failure to state a claim upon which relief can be granted.

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss be granted.

**II.   REPORT**

**A.   FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are alleged in the Complaint and are accepted as true at this stage of the litigation. Plaintiff Darnell Alston ("Alston") started work with PRT as an Employee Relations Coordinator on March 16, 2020. ECF No. 1 ¶¶ 6-7. In March 2022, Alston requested a transfer to another department. Id. ¶ 8. On April 4, 2022, she began training to work in the Transportation Department in a Bus Driver Recruiting position. Id. ¶ 13. Alston was granted

1

access to the recruiting portal to screen bus driver applicants and was given login access to Pennsylvania CareerLink. Id. ¶¶ 14-15. On April 11, 2022, she was advised by Michelle Ramsey ("Ramsey") that there was a permanent Bus Driver Recruitment position available. Id. ¶ 16. Alston applied for the position. Id. ¶ 18.

On April 14, 2022, Alston left work for a previously scheduled and authorized vacation for an elective surgery in Miami, Florida. Id. ¶ 21. The surgery was performed on April 15, 2022.[1] On Monday, April 18, 2022, Alston logged into work remotely. Id. ¶ 23. Alston experienced complications from her surgery and was hospitalized from April 21, 2022 until May 3, 2022. Id. ¶¶ 25-27, 28.

On May 10, 2022, Alston spoke with Eric Wells ("Wells") regarding her FMLA leave and he indicated that it would be approved. Id. ¶ 29.

On June 1, 2022, Alston was interviewed by Holly Jenkins and Ramsey for the Bus Driver Recruitment position, via Zoom while she was on leave. Id. ¶ 33.

On June 15, 2022, Alston's doctor authorized her to return to work on a half day basis. Id. ¶ 34. She returned to work on June 20, 2022, on a half day basis. Id. ¶ 35.

At some point after Alston returned to work, she was informed by Ramsey that she did not get the Bus Driver Recruitment position. Id. ¶ 36. In response to an inquiry from Alston, Ramsey met with Alston on July 20, 2022. Id. ¶¶ 37-38. Alston states that Ramsey told her "that if you had not been out on medical leave you would still be in that [Bus Driver Recruiter] role." Id. ¶ 39. Alston complained about not getting the position in a meeting with Wells on August 1, 2022. Id. ¶ 40. She also submitted a written complaint to him on August 10, 2022. Id.

---

[1] In the Complaint, Alston states that the surgery was performed on April 15, 2024, and she logged in to work remotely on April 18, 2024. The indicated year appears to be a typographical error.

2

¶ 41. She emailed Katherine Kellerman, the CEO of PRT, on September 12, 2022, to complain about not receiving the position. Id. ¶ 42.

On September 27, 2022, Alston was instructed by Wells that her position in the Employee Relations Department was being eliminated and she should start looking for another position. Id. ¶ 44. Two days later, she filed a Complaint with the EEOC complaining about not getting the Bus Driver Recruitment position. Id. ¶ 45.

On May 18, 2023, approximately thirteen months after Alston went on FMLA leave, she was fired by PRT. Id. ¶ 47. PRT stated that she was terminated for inappropriate use of PRT leave/benefits while actively engaging in secondary employment and for performance issues. Id. ¶ 48.

On July 1, 2024, Alston initiated this federal action with the filing of the Complaint. In the single count Complaint, she alleges that PRT violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2611(2)(A).

PRT filed a Motion to Dismiss and accompanying brief on September 13, 2024. ECF Nos. 6 and 7. Alston filed a Brief in Opposition. ECF No. 9.

The Motion to Dismiss is ripe for consideration.

### B.   STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). The complaint must "state a claim to relief that is plausible on its face" by providing facts which "permit the court to infer more than the mere possibility of misconduct…," Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009), and "raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In assessing the plaintiff's claims, "the Court must

accept all non-conclusory allegations in the complaint as true, and the non-moving party 'must be given the benefit of every favorable inference.'" Mergl v. Wallace, No. 2:21-CV-1335, 2022 WL 4591394, at *3 (W.D. Pa. Sept. 30, 2022) (quoting Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) and Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992)). "However, the Court 'disregard[s] threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements.'" Mergl, 2022 WL 4591394, at *3 (quoting City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp., 908 F.3d 872, 878–79 (3d Cir. 2018) and James v. City of Wilkes-Barre, 700 F.3d 675, 681 (3d Cir. 2012)).

### C. DISCUSSION

In her Complaint, Alston asserts that PRT interfered with her exercise of rights under the FMLA and retaliated against her by terminating her employment. ECF No. 1. In the pending motion, PRT seeks to dismiss Alston's FMLA claim based her failure to state a claim upon which relief can be granted. ECF No. 6. In its Brief in Support, PGT points out that the averments of the Complaint are "vague, out of sequence allegations" and lack clarity. ECF No. 7 at 3. As best as PGT can discern, Alston "seemingly is proceeding" on an FMLA interference claim. Id. at 1. However, in light of Alston's bare-bones reference to retaliation, the Court will address whether Alston has sufficiently alleged claims for both FMLA interference and FMLA retaliation.

#### 1. FMLA

The FMLA was enacted by Congress in 1993, in part to address problems arising from "inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601(a)(4). The act was designed to provide a balance between "entitl[ing] employees to take reasonable leave for medical reasons" and

4

"accommodat[ing] the legitimate interests of employers." 29 U.S.C. § 2601(b)(1–2); see <u>Callison v. City of Philadelphia</u>, 430 F.3d 117, 119 (3d Cir. 2005) (citing 29 U.S.C. § 2601(b)(1)) (holding that one of "[t]he primary purposes of the FMLA [is] to 'balance the demands of the workplace with the needs of families'...."). The FMLA grants eligible employees the right to take up to twelve work weeks of leave during a twelve-month period for any of the following reasons:

> (A)   Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.
>
> (B) Because of the placement of a son or daughter with the employee for adoption or foster care.
>
> (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
>
> (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.
>
> (E) Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on active duty (or has been notified of an impending call or order to active duty) in the Armed Forces in support of a contingency operation.
>
> (F) During the period beginning on the date that the Emergency Family and Medical Leave Expansion Act take effect, and ending on December 31, 2020, because of a qualifying need related to the public health emergency in accordance with Section 2620 of this title.

29 U.S.C. § 2612(a)(1)(A–F). At the end of an FMLA leave period, the employee has the right to be restored to her former position or to an equivalent position. 29 U.S.C. § 2614(a)(1).

### 2. FMLA Interference

Under the FMLA, "it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). In order for a plaintiff to establish a claim for an interference of FMLA rights, "the employee only needs to show that he was entitled to benefits under the FMLA and that he was denied them." Callison, 430 F.3d at 119.

To state a claim for interference under the FMLA, a plaintiff must show that: (1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA. Ross v. Gilhuly, 755 F.3d 185, 191 (3d Cir. 2014) quoting Johnson v. Cmty. Coll. of Allegheny Cnty., 566 F. Supp. 2d 405, 466 (W.D. Pa. 2008). See also Lombardo v. Air Prods. & Chemicals, Inc., No. 05–1120, 2006 WL 1892677, at *3–4 (E.D. Pa. July 7, 2006) (citing Weisman v. Buckingham Twp., No. 04–4719, 2005 WL 1406026, at *4 (E.D. Pa. June 14, 2005)).

In Sommer v. The Vanguard Grp., 461 F.3d 397 (3d Cir. 2006), the United States Court of Appeals for the Third Circuit observed:

> [T]he FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" in the FMLA. § 2615(a)(1). Such a claim is typically referred to as an "interference" claim, and is acknowledged to "set floors for employer conduct." Callison v. City of Philadelphia, 430 F.3d 117, 119 (3d Cir. 2005).

Id. at 399.

"Courts have refused to recognize a valid claim for interference in the absence of any injury." Alifano v. Merck & Co., 175 F. Supp. 2d 792, 794 (E.D. Pa. 2001) (citing Voorhees v.

6

Time Warner Cable Nat'l Div., No. 98–1460, 1999 WL 673062 (E.D. Pa. 1999); Fry v. First Fid. Bancorporation., No. 95–6019, 1996 WL 36910 (E.D. Pa. 1996)). The scope of what constitutes interference is described in the applicable regulations as follows: "Interfering with the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." 29 C.F.R. § 825.220(b).

Here, to state an FMLA interference claim, Alston must allege the five requisite elements of a *prima facie* case as set forth above. The issue before this Court is whether she has alleged the fifth element - that she was denied FMLA benefits. In the pending Motion to Dismiss, PRT argues that Alston was not denied the benefits to which she was entitled under the FMLA, and that an FMLA interference claim is not sufficiently alleged because she took and completed FMLA leave. PRT points out that the only interference that she alleges is that she was not reinstated to her previous position when she returned from FMLA leave. ECF No. 7 at 6. In response, Alston argues that PRT violated the FMLA by not returning her to a particular position after she returned to work from her medical leave. ECF No. 9 at 4.

The Third Circuit has held that "[a]fter an eligible employee returns from an FMLA leave, the employee is entitled to be reinstated to his or her former position, or an equivalent one." Conoshenti v. Public Serv. Elec. & Gas Co., 364 F.3d 135, 141 (3d Cir. 2004) (citing 29 U.S.C. § 2614(a)(1)). In addition to reinstatement, the employee is entitled to the same pay, benefits, and other terms and conditions of employment. Id. The employee has "no greater right to reinstatement or other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period." 29 C.F.R. § 825.216(a).

Upon review, Alston's allegations in the Complaint are not sufficient to state a claim for FMLA retaliation. First, she does not allege that she was denied FMLA leave. To the contrary,

she admits that she received the FMLA leave time that she sought, ECF No. 6 ¶ 29, and was accommodated by PRT when her doctor directed that she return to work on a part-time basis, id. at ¶¶ 35-35. Second, in a bare-bones allegation, Alston avers that PRT violated the FMLA because she was not reinstated to her prior position. ECF No. 6 at ¶¶ 55 – 57. Alston does not allege that the position she returned to was not comparable, had less pay, less benefits, or involved less favorable terms of employment. Given these basic pleading deficiencies, the Court should dismiss the FMLA interference claim for failure to state a claim on which relief can be granted.

### 3. FMLA Retaliation

As set forth above, Alston appears to allege that PRT's termination of her employment in May, 2023, eleven months after her return from FMLA leave, is an act of retaliation in violation of the FMLA.

> 47. On May 18, 2023, Plaintiff was fired from her job with Defendant based upon pretextual reasons, when the real reason was that Plaintiff had complained about not getting the Bus Driver Recruitment Position, and her dismissal was an action of retaliation.

Id. ¶ 47. This paragraph is included in the "STATEMENT OF FACTS" section of the Complaint. Id. at 2-5. The single count of the Complaint is captioned as "Count I – FAMILY AND MEDICAL LEAVE ACT." Id. at 6-7. Alston fails to include a specific claim for unlawful retaliation in the eight sentences that constitute Count I. Id.

In the pending Motion to Dismiss, PRT correctly states the Complaint is "less than clear" and recognizes that Alston makes "passing references" to retaliation in the Complaint but she does not allege a separate cause of action for retaliation. ECF No. 6 at 2.

For the sake of completeness, the Court will address whether Alston has sufficiently alleged a claim of FMLA retaliation.

8

To state a claim of retaliation for invocation of FMLA rights, a plaintiff must allege that: "(1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights." Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 301-02 (3d Cir. 2012).

Construing the facts in the light most favorable to Alston, as we must at this initial stage of the case, it is clear from the face of the Complaint, that she has failed to sufficiently allege that her termination in May 2023 was causally related to use of FMLA leave in the Spring of 2022 or to her complaint about not being hired for the Bus Driver Recruitment position on her return from FMLA leave.

As to the third requisite element of a *prima facie* claim of FMLA retaliation, a plaintiff may allege a causal relationship between an adverse employment action and the invocation of rights by claiming "(1) temporal proximity between the protected activity and the adverse employment action, (2) circumstantial evidence of a 'pattern of antagonism' following the protected conduct, or (3) where the proffered evidence, looked at as a whole, suffices to raise the inference." Innella v. Lenape Valley Found., 152 F. Supp. 3d 445, 458 (E.D. Pa. 2015) (quoting Kachmar v. Sungard Data Sys., 109 F.3d 173, 177 (3d Cir. 1997)). Temporal proximity alone is not sufficient to give rise to an inference of retaliatory intent when termination occurs more than "a few days" following the protected activity. Rooks v. Alloy Surfaces Co., No. 09-839, 2010 WL 2697304, at *2 (E.D. Pa. July 6, 2010) (collecting cases); see also O'Donnell v. Colonial Intermediate Unit 20, No. 12-cv-6529, 2013 WL 1234813, at *8 (E.D. Pa. Mar. 27, 2013) (citing Williams v. Phila. Hous. Auth. Police Dept., 380 F.3d 751, 760 (3d Cir. 2004) (*superseded by statute on other grounds, as recognized in* Robinson v. First State

Cmty Action Agency, 920 F.3d 182, 185 (3d Cir. 2019)); Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989)) (requiring time lapse to be "unusually suggestive" to support a retaliation claim).

Here, Alston fails to allege any facts which could plausibly give rise to a reasonable inference that her termination was causally related to her request for FMLA leave or to her complaint that she was not hired for a preferred position on return from FMLA leave. She does not allege temporal proximity between her use of FMLA leave or not being hired for the position upon her return from FMLA leave and termination the following year. She does not allege a "pattern of antagonism" following her use of FMLA leave. Therefore, to the extent that Alston is asserting a claim for FMLA retaliation, the Court should dismiss the FMLA retaliation claim for failure to state a claim on which relief can be granted.

### D. AMENDMENT

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Alston has not previously amended her Complaint in this action. Thus, she should be afforded the opportunity to file an amended complaint to cure the pleading deficiencies identified herein.

### E. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss, ECF No. 6, be GRANTED but with leave to file an amended complaint within thirty days.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule

established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: April 21, 2025

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable W. Scott Hardy
United States District Judge

All counsel of record by Notice of Electronic Filing

11