IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARNELL ALSTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PITTSBURGH REGIONAL TRANSIT, )<br>*formerly known as* PORT AUTHORITY OF )<br>ALLEGHENY COUNTY, )<br>)<br>Defendant. )<br>) | Civil Action No. 24-948<br><br>District Judge W. Scott Hardy<br>Magistrate Judge Maureen P. Kelly |

**MEMORANDUM ORDER**

This matter comes before the Court after Plaintiff Darnell Alston declined to file proper objections to the Report and Recommendation ("R&R") entered by Magistrate Judge Maureen P. Kelly on April 21, 2025 (Docket No. 14). The R&R recommends that the Motion to Dismiss filed by Defendant Port Authority of Allegheny County d/b/a Pittsburgh Regional Transit (Docket No. 6) be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket No. 14 at 1, 10). Service of the R&R was made on the parties through CM/ECF, and the parties were informed that any objections to same were due by May 5, 2025. (*Id.* at 10-11 and Docket text entry).

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of those portions of the R&R that have been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1). Local Civil Rule 72 of the Local Rules of the United States District Court for the Western District of Pennsylvania further provides that any party objecting to a Magistrate Judge's determination shall file "written

1

objections which shall specifically identify the portions of the proposed, recommendations or report to which objection is made and the basis for such objections." LCvR 72.D.2.

On May 3, 2025, Plaintiff filed her "Objection to Magistrate's Report and Recommendation," stating therein only that she "objects to the recommendation that the Defendant's Motion to Dismiss should be granted," and that if the Magistrate's recommendation is followed, she agrees that she should be given leave to file an amended complaint within 30 days of the Court's Order. (Docket No. 19). Plaintiff's objection does not, however, identify the portions of the R&R to which she specifically objects, in accordance with the Local Rules, and instead simply objects generally to the conclusion that Defendant's Motion to Dismiss should be granted. Nor does it set forth any basis for her objection. Therefore, since Plaintiff has failed to make specific, supported objections to portions of the R&R, the Court is not required to engage in *de novo* review of the R&R. *See, e.g., Snyder v. Bender*, 548 F. App'x 767, 771 (3d Cir. 2013) (affirming the district court's holding that, to the extent a party had failed to make specific objections to portions of the R&R, the court was not required to engage in *de novo* review); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (affirming the district court's *de novo* review of a magistrate judge's findings where a plaintiff had offered only a general objection to a report, which lacked the specificity required by 28 U.S.C. § 636(b)(1)). Here, because Plaintiff did not file proper objections to the R&R – which explicitly cited to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.D.2 – we review the magistrate judge's decision for plain error. (Docket No. 14 at 10-11). *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear

error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R and the entire record, including Defendant's Motion to Dismiss and supporting brief and Plaintiff's response thereto (Docket Nos. 6, 7, 9), the Court, finding no plain error on the face of the record, will accept Judge Kelly's recommendation. As such, the Court will adopt the R&R as the Opinion of the Court, grant Defendant's Motion to Dismiss, and give Plaintiff leave to file an amended complaint. In so ruling, the Court agrees with Judge Kelly that Plaintiff's FMLA interference claim should be dismissed since Plaintiff does not allege that she was denied FMLA leave, and though she pleads that she was not returned to her prior position, she does not allege that the position to which she returned was not comparable. (Docket No. 14 at 6-8). The Court also agrees that, to the extent Plaintiff is asserting a claim for FMLA retaliation, she has failed to allege facts that could plausibly give rise to a reasonable inference that her termination was causally related to her request for FMLA leave, or to her complaint that she was not hired for a preferred position on return from FMLA leave. (*Id.* at 8-10). The Court further agrees with Judge Kelly that Plaintiff should be afforded an opportunity to file an amended complaint to cure the pleading deficiencies identified in the R&R. (*Id.* at 10). Thus, the Court will accept the R&R's recommended disposition that the Complaint be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and the Court will adopt the R&R as the Opinion of the Court.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 7th day of May, 2025,

IT IS HEREBY ORDERED that Plaintiff's objection (Docket No. 19) to the R&R is OVERRULED, and the R&R (Docket No. 14) is ADOPTED as the Opinion of the Court.

4

Therefore, Defendant's Motion to Dismiss (Docket No. 6) is GRANTED, and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that Plaintiff shall file an Amended Complaint by **June 6, 2025**, and if Plaintiff does not file an Amended Complaint by that date, the Complaint will be DISMISSED WITH PREJUDICE.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  The Honorable Maureen P. Kelly
         All counsel of record