**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| DARNELL ALSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 24-948 |
| v. | ) | |
| | ) | |
| PITTSBURGH REGIONAL TRANSIT, | ) | District Judge W. Scott Hardy |
| *formerly known as* PORT AUTHORITY OF | ) | Magistrate Judge Maureen P. Kelly |
| ALLEGHENY COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**<u>MEMORANDUM ORDER</u>**

This matter comes before the Court upon the objections filed by Plaintiff Darnell Alston to the Report and Recommendation ("R&R") (Docket No. 31) entered by Magistrate Judge Maureen P. Kelly on October 15, 2025. The R&R recommends that the Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 25), filed by Defendant Port Authority of Allegheny County d/b/a Pittsburgh Regional Transit, be granted. (Docket No. 31 at 1, 16). Service of the R&R was made on the parties through CM/ECF, and they were informed that any objections to the R&R were due by October 29, 2025, while any responses to objections were due within fourteen (14) days thereafter. (*Id.* at 16-17 and Docket text entry). On October 28, 2025, Plaintiff filed her objections and brief in support (Docket Nos. 32, 33). On November 12, 2025, Defendant filed its reply to Plaintiff's objections. (Docket No. 34).

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify

1

the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *See id.* Upon careful *de novo* review of the R&R, Plaintiff's objections, Defendant's reply, and the entire record, including Defendant's Motion to Dismiss and the parties' supporting and opposing briefs (Docket Nos. 25, 26, 29, 30), the Court concludes that Plaintiff's objections do not undermine the R&R's recommended disposition, and the Court will adopt the R&R as clarified herein as the Opinion of the Court.

Among the arguments set forth in Plaintiff's objections are that the R&R does not consider all the allegations in the Amended Complaint, that the R&R misstates the content of some allegations, that the R&R fails to treat all the allegations as true, and that the R&R fails to view the allegations in the light most favorable to Plaintiff.[1] (Docket Nos. 32 at 1; 33). Such arguments largely center on Judge Kelly's conclusion that Plaintiff, as in her first complaint, has not sufficiently alleged that she was denied FMLA benefits. More specifically, Plaintiff objects to Judge Kelly's recommended finding that Plaintiff still does not allege facts from which it could be inferred that she was ever hired for the Bus Driver Recruiter position, the position to which she claims she was not reinstated when she returned from her FMLA leave. Notably, although Plaintiff separately alleges in the Amended Complaint that she "held" the Bus Driver Recruiter position before she went out on leave, she never alleges that she was hired for that position. (Docket No. 22, ¶ 20). The lack of such averment is particularly striking because the Amended Complaint also alleges that Plaintiff applied for and was interviewed for the Bus Driver Recruiter position, that

---

[1]     Relatedly, Plaintiff objects to the R&R addressing Count I as an FMLA interference claim, when Plaintiff asserts it is not an FMLA interference claim. (Docket No. 33 at 6). The Court notes that Count I, which Plaintiff entitles "Family and Medical Leave Act Failure to Restore Plaintiff to a Same or Similar Position" (Docket No. 22 at 8), is a type of FMLA interference claim, so the R&R does not err by addressing the claim thusly. *See, e.g., Barron v. Quest Diagnostics, Inc.*, Civ. Action No. 09-1247, 2010 WL 701956, at *5 (E.D. Pa. Mar. 2, 2010) ("An employer's failure to reinstate an employee 'to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment' upon return from FMLA leave constitutes interference with that employee's FMLA rights. 29 U.S.C. § 2614(a)(1)(B); *Sommer* [*v. Vanguard Group*, 461 F.3d 397, 399 (3d Cir. 2006)].").

she was *not placed in* that position, that she was told that she *did not meet the qualifications* for the position, and that the position was given to someone else – all of which directly contradict the allegation that she "held" the position. (*Id.* ¶¶ 17, 28, 36, 39, 42). Although Plaintiff argues that the Court could infer from other allegations in the Amended Complaint that she was holding the Bus Driver Recruiter position (*e.g.,* she alleges that she was handling some job duties of a Bus Driver Recruiter before she took leave), such allegations do not show that she had actually been hired into that position when she went on FMLA leave. (*Id.* ¶¶ 18, 24). Therefore, upon review of all the allegations in the Amended Complaint, the Court does not agree that Judge Kelly misstated allegations, failed to treat the allegations as true, or failed to view the allegations in the light most favorable to Plaintiff, in reaching her conclusions.

Plaintiff also argues that the R&R ignores her allegations indicating that Defendant lied to her about why she was not returned to her job after taking FMLA leave, since she was told that a bus driver had applied for the position, when no bus driver had applied for the position at that time. (Docket Nos. 22, ¶¶ 39, 40; 32 at 1; 33 at 5-6). As explained above, however, Plaintiff has not alleged that she was ever hired for the Bus Driver Recruiter position before she went out on leave, so the R&R's failure to address alleged reasons supplied by Defendant for its decisions, which would go to the issue of pretext, does not constitute error. Similarly, Plaintiff argues that the R&R ignores her allegation that she was told that if she had not been out on medical leave, she "would still be in that [Bus Driver Recruiter] role." (Docket Nos. 22, ¶ 43; 32 at 1; 33 at 10-11). Here again, the cited statement does not allege that Plaintiff was ever hired into the Bus Driver Recruiter position – particularly since that statement does not include the words "Bus Driver Recruiter" (as those bracketed words were inserted by Plaintiff) – so declining to address such statement also does not constitute error.

Plaintiff further argues that Judge Kelly erred in finding that Plaintiff has not alleged a plausible retaliatory motive behind Plaintiff's firing, and that Judge Kelly made an impermissible credibility determination.  (Docket Nos. 32 at 1-2; 33 at 7-10).  In relation to Plaintiff's retaliation claim, which she alleges was due to her complaining "about not getting the Bus Driver Recruiter Position after she returned from her medical leave" (Docket No. 22, ¶ 82), Plaintiff contends that she plausibly alleges a pattern of antagonism toward a complaining employee, citing a list of alleged actions.  (Docket No. 33 at 8-9).  Upon review of Plaintiff's list, however, the Court finds that such actions in concert simply do not allege a pattern of retaliatory actions tied to her FMLA leave.  The majority of the items listed are actions by Plaintiff herself, some of which have to do with her exercising her rights under Title VII, while some items describe Plaintiff's doctor's actions, or note Defendant's actions in accommodating Plaintiff, or provide narrative.  (*Id.*).  One item alleges generally that the Director of Employee Relations, Eric Wells ("Wells"), began to retaliate against Plaintiff after he learned of the filing of her EEOC Charge, not in relation to her FMLA leave.  (*Id.* at 9).  Another item alleges, without providing any specifics to tie alleged actions to her FMLA-related complaints, that on "Bring Your Child to Work Day" Wells spoke to all the children except for her granddaughter.  (*Id.*).  One item alleges that the same day Wells learned that Plaintiff had complained to the CEO about not being returned to the Bus Driver Recruiter position after her medical leave, Wells falsely told her that her job in Employee Relations was being eliminated and that she should be looking for another job; however, Plaintiff also alleges that her position was not eliminated and she continued to work for Defendant into the following year.  (Docket No. 22, ¶¶ 49, 51; Docket No. 33 at 8-9).  Another item just states in threadbare fashion that Plaintiff was fired, and that her firing was based on pretextual reasons.  (Docket No. 22, ¶ 61; Docket No. 33 at 9).  Thus, upon review of Plaintiff's list of allegedly retaliatory actions,

the Court agrees with Judge Kelly that the Amended Complaint simply does not plausibly allege a pattern of retaliatory behavior relative to her FMLA leave.

Last, Plaintiff objects that Judge Kelly wrongfully considered Plaintiff's EEOC Charge in the R&R. (Docket No. 33 at 11). Plaintiff argues that her claims here are not "based" on her EEOC Charge because the charge does not allege FMLA violations, and instead alleges race and age discrimination and retaliation for her complaints about discrimination. (*Id.* at 11-12 (citing *Douglas v. Kensington Cmty. Corp. for Individual Dignity*, 775 F. Supp. 3d 881 (E.D. Pa. 2025))). Therefore, Plaintiff contends, the Court should not consider statements she made in her EEOC Charge without converting Defendant's motion to dismiss to a motion for summary judgment. (*Id.* at 12).

The Court disagrees. Although Plaintiff's FMLA claims are not based on the allegations of race and age discrimination set forth in her EEOC Charge, the Court can still consider, in ruling on Defendant's motion to dismiss, statements she made under oath in her EEOC Charge, which she relies on in alleging the claims (and in arguing that her allegations are factually sufficient) in her Amended Complaint. Notably, a court may consider an EEOC Charge and related EEOC documents "either as undisputed documents referenced in the complaint or central to the plaintiff's claim, or as information which is a matter of public record," without converting a motion to dismiss to a motion for summary judgment. *Rogan v. Giant Eagle, Inc.,* 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000), *aff'd* 276 F.3d 579 (3d Cir. 2001); *see also Hundley v. Wawa, Inc.*, Civ. Action No. 21-627, 2021 WL 2555440, at *10 (E.D. Pa. June 22, 2021) (considering allegations revealing scheduling disputes in the plaintiff's EEOC charge, which showed that his Philadelphia Fair Workweek law claim had merit and was not subject to dismissal); *Pekar v. U.S. Steel/Edgar Thomson Works*, Civ. Action No. 09-844, 2010 WL 419421, at *4-5 (W.D. Pa. Jan. 29, 2010)

(allowing a number of documents not attached to the complaint to be considered on a motion to dismiss, including EEOC documents, which are "matters of public record and may be considered by the court without converting the motion to one for summary judgment").

Here, Plaintiff herself chose to utilize her EEOC Charge[2] – including by characterizing its contents – to attempt to allege sufficiently the FMLA claims in her Amended Complaint.  Plaintiff also cited and described her EEOC Charge in her objections to the R&R, arguing that she has adequately alleged her FMLA claims.  (Docket No. 33 at 8-9).  Specifically, Plaintiff alleges in the Amended Complaint that she "filed an EEOC Charge complaining about not be[ing] returned to her previous position after her medical leave."  (Docket No. 22, ¶ 55).  Plaintiff also alleges in the Amended Complaint that "[w]hen Defendant learned of the filing of the EEOC Charge, Defendant retaliated by challenging Plaintiff's accommodation by constantly demanding additional medical documentation, by unfairly criticizing Plaintiff's work and by being rude and short with the Plaintiff with particular reference to Eric Wells."  (*Id.* ¶ 56).  In objecting to the R&R, Plaintiff indicates that her EEOC Charge "alleged that she was the victim of race, sex and age discrimination," but Plaintiff also claims that she "included in the Charge, among other complaints," that she had "not been placed back into [] her Bus Driver Recruiter position, when she returned from her medical leave," seemingly to bolster Plaintiff's argument that she had been placed in the Bus Driver Recruiter position prior to her leave.[3]  (Docket No. 33 at 8 n.1).

---

[2]     The Court notes that the authenticity of Plaintiff's EEOC Charge is undisputed.  *See Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) ("[D]ocuments whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered" on a motion to dismiss. (internal quotation marks and citation omitted)).

[3]     Notably, this description of Plaintiff's EEOC Charge is not a full and accurate summary of her statements in this regard and, as set forth in the R&R, Plaintiff's statements in her EEOC Charge actually otherwise indicate that she was not in the Bus Driver Recruiter position when she took her FMLA leave.

In this regard, the Court notes that Plaintiff bases her FMLA retaliation claim on Defendant terminating her employment for her complaints about not being returned to the same or equivalent position after her medical leave, which she argues is the Bus Driver Recruiter position.  (Docket No. 22, ¶¶ 81-84 (incorporating ¶¶ 1-80 of the Amended Complaint)).  However, in the EEOC Charge (of which Judge Kelly takes judicial notice), signed by Plaintiff under penalty of perjury, Plaintiff specifically stated that she was employed as an ER/OEO Coordinator with Defendant, and that she had applied for, but was not selected for, a number of positions, including the Recruiter position that is at issue in this case.  (Docket No. 26-1 at 2-3).  The Court notes that it "is expected to exercise both 'judicial experience' and 'common sense' when deciding a Rule 12(b)(6) motion to dismiss."  *See Specialty Graphite Servs., Inc. v. Chiodo*, No. 2:11-cv-1438, 2012 WL 162936, at *6 (W.D. Pa. Jan. 19, 2012)  (quoting 5B C. Wright & A. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004 and Supp. 2007)).  Here, upon review of all the allegations in the Amended Complaint and Plaintiff's statements in her EEOC Charge, such considerations warrant the common-sense conclusion that Plaintiff has not alleged facts from which the Court could infer that she was hired into the Bus Driver Recruiter position prior to taking her medical leave.[4]

Therefore, in ruling that Plaintiff's objections do not undermine the R&R's recommended disposition, the Court agrees with Judge Kelly that Plaintiff's allegations in the Amended Complaint are not sufficient to state a claim for FMLA interference.  The Court agrees that, while Plaintiff does not allege that she was denied FMLA leave, she does aver that Defendant violated the FMLA by not reinstating her to her prior position when she returned from leave.  However,

---

[4]    The Court notes that pleading contradictory allegations can be concerning, especially when based on a client's statement under oath, as Federal Rule of Civil Procedure 11 imposes a duty on attorneys "to make sure that 'legal contentions are warranted by existing law or by a nonfrivolous argument,'" (Rule 11(b)(2)), as well as "a duty to ensure that 'factual contentions have evidentiary support'" (Rule 11(b)(3)).  *Shelton v. Chaudhry*, 763 F. Supp. 3d 675, 681 (E.D. Pa. 2025).

Plaintiff does not allege that she was hired for the Bus Driver Recruiter position to which she argues she was not returned after her leave ended, nor does she allege facts from which the Court could reasonably infer that she was hired for that position and was not returned to it after her FMLA leave ended.  The Court also agrees that Plaintiff does not allege that she raised a specific complaint or reported a violation of the FMLA to Defendant upon her return from leave.  Furthermore, the Court agrees with Judge Kelly that Plaintiff has failed to sufficiently allege that her termination in May 2023 was causally related to her use of FMLA leave in the Spring of 2022, or to her complaint about not being hired for or placed in the Bus Driver Recruitment position on her return from FMLA leave.  Additionally, the Court agrees with Judge Kelly that Plaintiff should not be afforded an opportunity to file an amended complaint to cure the pleading deficiencies identified in the R&R, as permitting further amendment would be futile.  (*Id.* at 16).  Indeed, such curative amendment would necessitate contradicting Plaintiff's own sworn statement in her EEOC Charge.

As such, the Court will accept the R&R's recommended disposition that both Count I and Count I of the Amended Complaint be dismissed, with prejudice, for failure to state a claim upon which relief can be granted, and the Court will adopt the R&R as clarified herein as the Opinion of the Court.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 27th day of March, 2026,

IT IS HEREBY ORDERED that Plaintiff's objections to the R&R (Docket Nos. 32, 33) are OVERRULED, the disposition of the R&R (Docket No. 31) is ACCEPTED and the R&R is ADOPTED as clarified herein as the Opinion of the Court, Defendant's Motion to Dismiss (Docket No. 25) is GRANTED, and Counts I and II of Plaintiff's Amended Complaint are DISMISSED

8

with prejudice for failure to state a claim upon which relief can be granted pursuant to Federal

Rule of Civil Procedure 12(b)(6).

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  The Honorable Maureen P. Kelly
         All counsel of record